PER CURIAM.
AFFIRMED. Minnesota v. Carter, — U.S. —, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998)(Defendants who are guests on premises for purely commercial transactions have no standing to contest seized evidence because they have no expectation of privacy.); United States v. Salvucci, 448 U.S. 83, 87-88 n. 4, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980) (“It is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the [exclusionary] rule’s protection.”); Alderman v. United States, 394 U.S. 165, 171-172, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969) (“The established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence.”); Jones v. State, 648 So.2d 669, 675 (Fla.1994) (“A ‘search’ occurs when an expectation of privacy that society is prepared to consider reasonable is infringed.”)
W. SHARP, THOMPSON and ANTOON, JJ., concur.